IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.   14-cv-02943-LTB-KMT

PEGGY MONTOYA,

    Plaintiff,

v.

ALLSTATE INSURANCE COMPANY,

    Defendant.

___

**ORDER**
___

This case is before me on the recommendation of the Magistrate Judge issued and served on April 5, 2016 (Doc 97).  Both parties have failed to file specific written objections to the Magistrate Judge's recommendation and are therefore barred from *de novo* review. Accordingly, it is

ORDERED that the recommendation is accepted and Defendant Allstate's Motion to Limit Plaintiff's Expert Testimony (Doc 75) is GRANTED IN PART AND DENIED IN PART as follows:

    1.    To the extent that any non-retained expert that any non-retained expert reviewed another treating medical provider's records for any purpose other than during and for his or her direct treatment of the Plaintiff, testimony about those medical records are barred because no after-the-fact medical record review opinions were provided in the form of a compliant Fed.R.Civ.P. 26(a)(2)(B) report as required.  The non-retained experts are allowed to

       testify about medical records reviewed as part of the expert's own treatment, including how those records may have influenced the testifying expert's treatment goals.

2. Any testimony from a treating medical provider listed in Plaintiff's expert disclosures regarding the reasonableness of any medical expenses or costs, including their own, and whether any such expenses are/were necessary are barred because none of the experts listed by Plaintiff were properly disclosed under Fed.R.Civ.P. 26(a)(2)(B) to render opinion testimony on this topic.  The court finds that this kind of opinion is elicited, not for treatment of the patient, but rather in anticipation of and for trial.  On those topics, the expert would be required to prepare, sign and have disclosed a report under the Rule.

3. The non-retained experts are permitted to testify to matters generally within the scope of their medical records prepared in conjunction with treatment of the Plaintiff, including conclusions or opinions necessarily formed *at the time of treatment* about matters such as causation, prognosis and standard of care.  Further, Dr. Schneider is barred from giving opinion testimony about those matters set forth in a letter from Plaintiff's counsel where Dr. Schneider specifically answered three questions, the first being directed at causation of the Plaintiff's hip condition with respect to an automobile accident occurring one year previous to surgery.  Those opinions were formed and rendered in anticipation of litigation and therefore, at least as to that part of Dr. Schneider's testimony, Dr. Schneider was required to prepare, sign, and have disclosed a Report consistent with Fed.R.Civ.P. 26(a)(2)(B).  The Court

finds that the answers submitted on the letter prepared by counsel for Plaintiff do not meet the qualifications to be a compliant Report under the Rule.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE

DATED: April 26, 2016